IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER L. BLANKEN, | : | Civil Action No. 4:14-cv-00428 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| KENTUCKY HIGHLANDS | : | |
| INVESTMENT CORPORATION, | : | |
| et al, | : | |
| | : | |
| Defendants. | : | |

## <u>MEMORANDUM</u>

### October 7, 2014

Presently before this Court is a Motion to Transfer (ECF No. 8) filed by Defendants Kentucky Highlands Investment Corporation (hereinafter "Kentucky Highlands"), Outdoor Venture Corporation (hereinafter "OVC"), and Stearns Manufacturing, LLC (hereinafter "Stearns").  Defendants move this Court to transfer the above-captioned action to the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. § 1404(a).  For the following reasons, the Motion to Transfer is GRANTED.

1

## I. STATEMENT OF FACTS

Plaintiff, a Massachusetts resident, allegedly bought certain items of property (specifically the "Inventory" and the "Roll Forming Equipment[1]") through two different series of transactions, both originating with LEEP, Inc. (hereinafter "LEEP").  LEEP is a corporation which manufactures structural insulated panels for the construction of walls, roofs and floors.  Independently, Defendant Kentucky Highlands, a Kentucky resident, purchased the rights to a financing agreement signed by LEEP from a third party creditor of LEEP (Fortress Credit Corporation).  That financing agreement provided Kentucky Highlands with an interest in many of LEEP's assets.

Sometime in December 2012, LEEP defaulted on the financing agreement and Kentucky Highlands seized much of LEEP's property from its facility in Montoursville, Pennsylvania, including the Inventory and the Roll Forming Equipment.  Kentucky Highlands then sold this property to Defendant Stearns, which later sold the property to Defendant OVC.  Both Stearns and OVC are

---

[1]From what the Court can deduce from its own research, roll forming is a manufacturing process through which a long strip of metal passes through a series of incremental bends until a desired cross-section profile is obtained.

Kentucky residents.[2]

Soon thereafter, on March 6, 2013, Plaintiff filed suit in the Eastern District of Kentucky asserting various claims involving Kentucky Highland's conduct with regards to the Roll Forming Equipment (Case No. 6:13-cv-00047-DLB). Plaintiff later filed the current suit in the Court of Common Pleas of Lycoming County on February 25, 2014, asserting various claims involving Kentucky Highland's conduct with regards to the Inventory. On March 7, 2014, Defendants removed this action to this Court pursuant to 28 U.S.C. § 1441. On March 24, 2014, Defendants filed a motion with this Court seeking a transfer of venue of this claim to the Eastern District of Kentucky where Plaintiff's first action is currently pending. This matter is now ripe for disposition.

## II. LEGAL STANDARD

A district court may transfer the venue of any civil action to any other district where it might have been brought if it would serve the convenience of the parties and witnesses or the interests of justice. 28 U.S.C. § 1404(a). This section is meant "to prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and

---

[2]A core dispute in this case arises as to whether the financing agreement provided Kentucky Highlands with any interest in either the Inventory or the Roll Forming Equipment.

expense.' " *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).  Although § 1404(a) gives a district court the discretion to decide a motion on a case-by-case basis, these motions are not to be granted liberally. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

In evaluating a motion to transfer venue, the court must first determine whether the action could have properly been brought in the transferee forum.  28 U.S.C. § 1404(a).  If the court determines that the transferee forum would have been a proper venue, it must then balance several private and public interest factors weighing in favor of or against transfer.  *See High River Ltd. P'ship v. Mylan Labs, Inc.*, 353 F.Supp.2d 487, 492 (M.D.Pa. 2005) (Rambo, J.); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).  In doing so, courts must "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879 (quoting 15 WRIGHT, MILLER & COOPER § 3847).

The relevant private interest factors that courts typically consider in deciding a motion to transfer venue include: (1) the plaintiff's choice of forum; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4)

convenience of the parties as indicated by their physical and financial condition;
(5) convenience of the witnesses to the extent they may be unavailable for trial in
one of the fora; and (6) location of the evidence. *Id.* at 879.  Correspondingly, the
pertinent public interests include: (1) the enforceability of the judgment; (2)
practical considerations that could make the trial easy, expeditious, or inexpensive;
(3) the relative administrative difficulty in the two fora resulting from court
congestion; and (4) local interest in deciding local controversies at home. *Id.* at
879-80.

## III. DISCUSSION

### A. Venue is Proper in Kentucky

As referenced above, the threshold inquiry in evaluating transfer is whether
the suit could have originally been brought in the Eastern District of Kentucky, the
proposed transferee forum. 28 U.S.C. § 1404(a).  Defendants argue that venue
would be appropriate in the Eastern District of Kentucky because it is where all the
Defendants maintain their principal places of business and where the property at
issue in this litigation is currently located.  (ECF No. 9 at 5-6).  Plaintiff does not
dispute this argument and venue is clearly proper pursuant to 28 U.S.C. § 1391(1)
and (2). *See* 28 U.S.C. § 1391 (explaining that venue is proper in "a judicial district
in which any defendant resides, if all defendants are residents of the State in which

the district is located," and in "a judicial district in which . . . a substantial part of the property that is the subject of the action is situated").

## B. Balancing Interests of Justice and Convenience of Parties and Witnesses[3]

The second part of the transfer analysis requires a balancing of the interests of justice and the convenience of parties and witnesses according to the public and private factors set forth above. *See Jumara*, 55 F.3d at 879-880.

## 1. *Plaintiff's Choice of Forum*

As a general rule, a plaintiff's choice of forum is a "paramount consideration" which "should not be lightly disturbed." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (quoting *Ungrund v. Cunningham Bros. Inc.*, 300 F.Supp. 270, 272 (S.D.Ill. 1969)).  However, when a plaintiff selects a forum outside his or her state of residence, courts give less deference to that choice. *See Wellpet, LLC v. Midwestern Pet Foods, Inc.*, No. 1:09-CV-1556, 2009 WL 5111790, at *2 (M.D.Pa. Dec. 16, 2009) (Jones, J.) (citing *EVCO Tech. & Devel. v. Precision Shooting Equip. Inc.*, 379 F.Supp.2d 728, 730 (E.D.Pa. 2005)).  As a resident of Massachusetts, Plaintiff's choice of forum will be given some consideration, but his choice is not dispositive, nor is it entitled to great deference

---

[3]The parties have addressed only certain of the above-cited public and private factors in their arguments for and against transfer.  As such, the Court will only respond to these arguments and will not address the remaining factors, which the Court does not consider relevant to the case at hand.

because Plaintiff is not a resident of Pennsylvania. *See id.*

## 2. *Practical Considerations*

Dominating any consideration of the other factors is the pendency of the

Kentucky action. This court is required to assess all "practical considerations that

could make the trial easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879.

One such consideration is the existence of related lawsuits in the transferee court.

*See Smart Audio Tech. LLC v. Apple, Inc.*, 910 F.Supp.2d 718, 732 (D.Del. 2012);

*see also Cont'l Grain Co.*, 364 U.S. at 26 ("To permit a situation in which two

cases involving precisely the same issues are simultaneously pending in different

District Courts leads to the wastefulness of time, energy and money that s 1404(a)

was designed to prevent.").

There is a strong public policy in place which favors the litigation of related

claims in the same tribunal. *See Supco Auto. Parts, Inc. v. Triangle Auto Spring

Co.*, 538 F.Supp. 1187 (E.D.Pa. 1982) (citing *Schneider v. Sears*, 265 F.Supp. 257,

266-67 (S.D.N.Y. 1967)). The justifications for this policy include: (1) the ability

to more efficiently conduct pretrial discovery; (2) saving the witnesses time and

money, both with respect to pretrial and trial proceedings; (3) avoiding duplicative

litigation, thereby eliminating unnecessary expense to the parties and

simultaneously serving the public interest; and (4) avoiding inconsistent results.

*See id.*  In fact, this consideration is so powerful that it can justify transfer even when the convenience of the parties and the witnesses would weigh in opposition to transfer.  *See Weber v. Basic Comfort, Inc.*, 155 F.Supp.2d 283, 286 (E.D.Pa. 2001).

In the case at bar, these practical considerations constitute the overriding factor which militates in favor of granting the motion for transfer, specifically the potential for duplicative litigation due to the existence of a similar claim by Plaintiff against the same Defendants in the Eastern District of Kentucky.  Though the two actions filed by Plaintiff involve disputes over different items of property, they involve the exact same Defendants and derive from the same operative facts. Even given that Plaintiff obtained the rights to these items through two different series of transactions, this does not negate the fact that both of his claims against Defendants involve Kentucky Highlands' agreement with Fortress Credit Corporation and the actions taken pursuant to that agreement.  Moreover, Plaintiff's assertion of different legal arguments against Defendants for their actions relating to each item of property (the "Roll Forming Equipment" v. the "Inventory") does not change the similarity of the facts or the relationship between the underlying disputes.  Because litigating these two claims separately in two different forums would waste both judicial resources and those of the parties, the

8

interests of justice are best served by granting transfer.

**3. *Convenience of the Parties***

The Court can, in its discretion, transfer the action to another district if doing so would be more convenient for one or more of the parties. *See Jumara*, 55 F.3d at 879.  However, the Court may not transfer if to do so would simply shift the inconvenience of litigating in a specific forum from one party to the other.  *See Kovatch Corp. v. Rockwood Sys. Corp.*, 666 F.Supp. 707, 709 (M.D.Pa. 1986) (Nealon, C.J.) (quoting *Aquarium Pharm., Inc. v. Indus. Pressing & Packaging, Inc.*, 358 F.Supp. 441, 446 (E.D.Pa. 1973)).

It is indisputable that the Eastern District of Kentucky would be a much more convenient forum for the Defendants, all of whom are residents of that state. Plaintiff, on the other hand, is a resident of Massachusetts.  His sole connection to Pennsylvania is based upon Kentucky Highlands' seizure of property that he allegedly owned from their location in the Middle District of Pennyslvania. Admittedly, Plaintiff would be required to travel somewhat further to present his claims in Kentucky.  However, in reality this change of venue should work little hardship on Plaintiff since he has, in fact, already initiated a separate yet related action in the Eastern District of Kentucky.

This is not a case where a change of venue would simply shift the

inconvenience from the Defendants to the Plaintiff, as Plaintiff has already

demonstrated that he is both willing and able to travel to Kentucky and litigate

similar claims there.  Moreover, this Court believes that allowing a change of

venue would work to the advantage of both parties in saving the time and expenses

that would necessarily be incurred if the parties were required to simultaneously

conduct duplicative discovery for each individual action.

**4.** *Convenience of Witnesses*

      In their memorandum, Defendants argue that transfer is desirable because of

"27 potential witnesses who may be called to provide evidence in support of the

Defendants' position," each of whom resides in the Eastern District of Kentucky.

(ECF No. 9 at 9).   Defendants did not submit to the Court any information

regarding the specific testimony or importance of each of the 27 witnesses until

Plaintiff correctly pointed out that a party requesting transfer because it would be

more convenient for witnesses must present "affidavits, depositions, stipulations,

or other documents containing facts that would tend to establish the necessary

elements for a transfer..." (ECF No. 12 at 9 (quoting *Plum Tree, Inc.v. Stockment*,

488 F.2d 754, 756-57 (3d Cir. 1973)).  Along with their reply brief, Defendants

therefore submitted affidavits of five potential witnesses to describe the testimony

that each would be providing. (ECF No. 18).  Because Defendants only included

evidence pertaining to five of their witnesses, the Court will only consider the convenience to these five witnesses; any inconvenience to the other 22 *potential* defense witnesses who reside in Kentucky is therefore of little moment to the Court in deciding the present motion.  Plaintiff, for his part, has demonstrated the convenience to one of his witnesses, David Thorne, in conducting the litigation in the Middle District of Pennsylvania, albeit through the affidavit of a different witness. (ECF No. 12 at 12).

Even taking into account the competing affidavits of Defendants' witnesses, the Court is unconvinced that the convenience of Defendants' witnesses necessitates a transfer to the Eastern District of Kentucky.  Though it would undoubtedly be easier for Defendants' witnesses if the action were in Kentucky, that does not by itself outweigh the burden on Plaintiff's witness in traveling to Kentucky from his place of residence and the consideration given to Plaintiff's choice of forum.  The Court considers the convenience to Defendants' witnesses only insofar as it augments the other factors which weigh in favor of transfer.

## 5. *Location of Evidence*

Defendants next argue that this action should be transferred because "the majority of tangible evidence in this case is located in Kentucky," including computers with business records, production of inventory, and transactions

11

Case 4:14-cv-00428-MWB   Document 25   Filed 10/07/14   Page 12 of 14


involving the panels at issue. (ECF No. 9 at 13). This argument is unconvincing. Today, the majority of documents and records are stored electronically and can therefore be easily transferred, or can be readily converted into electronic form.

Defendants further argue that an evaluation regarding damages to the inventory would require an inspection which must necessarily take place in Kentucky where the inventory is located. (ECF No. 9 at 13). Presumably, these panels would be more difficult than electronic records to transfer from one jurisdiction to another. However, as Defendants already reside in Kentucky, it appears to the Court that any increased convenience in inspection of the panels would be for the sole benefit of the Plaintiff, who currently opposes transfer of the action. Therefore, though this consideration presents a more persuasive argument, without more it is not enough to tip the balance of conveniences in favor of transfer.

## 6. *Local Bias*

For his part, Plaintiff argues that there is a great potential for local bias or prejudice in the Eastern District of Kentucky due to Kentucky Highland's activities in providing employment to the "relatively impoverished Appalachian counties included within its area." (ECF No. 12 at 15). Plaintiff backs up this assertion of potential bias with evidence that some of the persons on Defendants' witness list

have the same last names.  Without further elaboration, he therefore makes a few tenuous assumptions: that these witnesses are employees of the Defendant, they are related to each other, and that therefore the Defendant is "an important employer in a poor county." (ECF No. 12 at 16).

Despite Plaintiff's contentions, the possibility of bias is far from apparent. While local biases and prejudices can pose important public policy considerations in evaluating a motion to transfer, this Court does not believe that Plaintiff would be affected by any such biases in the proposed forum.  Plaintiff presents no actual evidence which would lead to the determination that a jury would be biased against him because of Defendants' employment policies.

Finally, such an argument holds little weight, given that Plaintiff filed a similar case against the same defendants in the Eastern District of Kentucky.  If the potential for bias was actually as significant as Plaintiff claims, it seems unlikely that he would have filed his first action in that forum.

## IV. CONCLUSION

After balancing the public and private factors, the Court finds transfer of venue to the Eastern District of Kentucky appropriate in this case.  The Court's interest in having related cases litigated in the same jurisdiction and the convenience that Kentucky offers the parties weighs heavily in favor of

transferring venue.  For these reasons, Defendants' Motion to Transfer Venue

(ECF No. 8) is granted.

BY THE COURT:


s/Matthew W. Brann
Matthew W. Brann
United States District Judge